UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

DEBBIE MALONEY, AMY VEGA and
SALLY CZARNECKI, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiffs,

                                         Case No.:  17 cv 1335

v.

MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING, LLC,

        Defendants.

_____

## ANSWER

_____

Defendants, MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC, by and through their attorney, Todd P. Stelter, for their answer, state as follows:

### INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats.

**ANSWER:  Defendants admit that the complaint purports to bring an action alleging an FDCPA and WCA violation.  Defendants deny all remaining allegations contained within this paragraph.**

### JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

**ANSWER:** Defendants admit that plaintiffs' complaint purports to allege a violation of the FDCPA, a federal statute, thereby invoking the subject matter jurisdiction of this Court. Defendants deny all remaining allegations contained within this paragraph.

## PARTIES

3. Plaintiff Debbie Maloney is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

4. Plaintiff Amy Vega is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

5. Plaintiff Sally Czarnecki is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

6. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes. Specifically, the alleged debts were for a personal credit card account.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

2

7.     Each Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt arose from consumer credit transactions – the use of a personal credit card account.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

8.     Defendant Midland Credit Management, Inc. ("MCM") is a foreign corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

**ANSWER:     Defendants admit that MCM is a Kansas corporation that maintains an office at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

9.     MCM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:     Defendants admit, at times and in general, that MCM uses the mail and telephone to attempt to locate and contact debtors in regard to their contractual obligations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

10.     MCM is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Midland is a debt collector as defined in 15 U.S.C. § 1692a.

3

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

11. Defendant Midland Funding LLC, ("Midland Funding") is a Delaware corporation with its principal place of business located in California. The Wisconsin Department of Financial Institutions lists Midland Funding's address as 3111 Camino Del Rio North, San Diego, CA 92108. Midland Funding's actual address may be MCM's address.

**ANSWER: Defendants admit Midland Funding LLC is a Delaware corporation with an address at 3111 Camino Del Rio North, San Diego, CA 92108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

12. On its face, Wis. Stat. § 427.103(3) applies both to creditors collecting on their own behalf and to creditors who hire other debt collectors to collect on the creditor's behalf.

**ANSWER: Defendants admit that the complaint purports to cite to the WCA and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

13. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

4

**ANSWER: Defendants admit that the complaint purports to cite to the WCA and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

14. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

**ANSWER: Defendants admit that the complaint purports to cite to the WCA and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

15. Midland Funding is a "debt collector" under Wisconsin law, in that it collects consumer debts owed to itself, both directly and indirectly through collection agencies, including MCM.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

16. Midland Funding is a "merchant" as defined in the WCA, as the alleged debt arises from use of Plaintiff's consumer credit account. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

**ANSWER: Defendants admit that the complaint purports to cite to the WCA and alleges an incomplete, out-of-context and improperly summarized legal**

5

**conclusion.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

17.     The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

**ANSWER:     Defendants admit that the complaint purports to cite to a case and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

18.     Midland Funding uses third party debt collection agencies, including MCM, to collect consumer debts. Midland Funding, directly or indirectly, is a debt collector under this arrangement. Wis. Stat. § 427.103(3).

**ANSWER:     Defendants admit, at times and in general, that MCM attempts to locate and contact debtors in regard to their contractual obligations to Midland Funding LLC.  Defendants deny that Midland Funding LLC, directly or indirect, is a debt collector.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

19.     A company meeting the definition of a "debt collector" (here, Midland Funding) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace*, LLP, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); citing *Pollice*, 225 F.3d at 404-05.

6

**ANSWER: Defendants deny all allegations contained within this paragraph.**

## THE FAIR DEPT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ

20.     The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. § 1692d, 1692e, 1692f and 1692g.

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA and other cases, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

21.     The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services*, LP, 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether

7

an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.*, 754 F.

Supp. 383, 392 (D. Del. 1991).

> **ANSWER:** **Defendants admit that the complaint purports to cite to the FDCPA and other cases, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

22.     Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 et

seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its

purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993).

> The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.

*N.C. Freed Co. v. Board of Governors,* 473 F.2d 1210, 1214 (2d Cir. 1973).

> **ANSWER:** **Defendants admit that the complaint purports to cite to the FDCPA and other cases, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

23.     Statutory damages are recoverable for violations, whether or not the consumer

proves actual damages. *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp.

724, 727 and n. 3 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 177

(W.D.N.Y. 1988); *Kuhn v. Account Control Tech.*, 865 F. Supp. 1443, 1450 (D. Nev. 1994); *In*

*re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680

8

(Bankr. E.D. Pa. 1988), aff'd as modified sub nom. *Crossley v. Lieberman*, 90 B.R. 682 (E.D. Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

> **ANSWER:** **Defendants admit that the complaint purports to cite to the FDCPA and other cases, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

24.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D.

9

Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA and other cases, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

25.    Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. See 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

26.    The FDCPA prohibits debt collectors from contacting third parties and disclosing the existence of a debt. 15 U.S.C. § 1692c(b) states:

10

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

27. 15 U.S.C. § 1692b allows a debt collector to communicate with third parties for the purpose of determining the consumer's location or employment. However, the debt collector must "not state that such consumer owes any debt." 15 U.S.C. § 1692b(2).

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

28. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

11

300750469v1 1002819

29.    15 U.S.C. § 1692e(2)(a) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

30.    15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

31.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

32.    15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized**

300750469v1 1002819

legal conclusion. **Defendants deny all remaining allegations contained within this paragraph.**

33. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

34. 15 U.S.C. § 1692g(a) states:

a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

(1) the amount of the debt

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

13

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

## THE WISCONSIN CONSUMER ACT, CH. 421-427 WIS. STATS.

35.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

**ANSWER: Defendants admit that the complaint purports to cite to the WCA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

36.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

**ANSWER: Defendants admit that the complaint purports to cite to the WCA and a case, and alleges an incomplete, out-of-context and improperly**

14

**summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

37.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); see also § 425.301.

> **ANSWER:    Defendants admit that the complaint purports to cite to the WCA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.    Defendants deny all remaining allegations contained within this paragraph.**

38.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives."    *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).  Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

> **ANSWER:    Defendants admit that the complaint purports to cite to the WCA and a case, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

39.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. See Wis. Stats. § 427.104.

300750469v1 1002819

**ANSWER:** **Defendants admit that the complaint purports to cite to the WCA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

40. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. See Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

**ANSWER:** **Defendants admit that the complaint purports to cite to the WCA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

41. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

**ANSWER:** **Defendants admit that the complaint purports to cite to the WCA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

16

42.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

**ANSWER:   Defendants admit that the complaint purports to cite to the WCA and other cases, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.  Defendants deny all remaining allegations contained within this paragraph.**

43.     Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

**ANSWER:   Defendants admit that the complaint purports to cite to the WCA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.   Defendants deny all remaining allegations contained within this paragraph.**

44.     Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

**ANSWER:   Defendants admit that the complaint purports to cite to the WCA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.   Defendants deny all remaining allegations contained within this paragraph.**

300750469v1 1002819

## FACTS

### *Maloney Letter*

45.     Plaintiff Debbie Maloney entered into a consumer transaction with Comenity Capital ("Comenity") for a personal credit card.

> **ANSWER:     Defendants admit a Debbie Maloney entered into an agreement with Comenity.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

46.     Prior to October 7, 2016, Plaintiff Maloney's account with Comenity went into default.

> **ANSWER:     Defendants admit Debbie Maloney breached the terms of her agreement with Comenity.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

47.     Prior to October 7, 2016, and after Plaintiff Maloney's account with Comenity was in default, Comenity sold or otherwise assigned the ownership rights to Plaintiff's account to Midland Funding.

> **ANSWER:     Defendants admit that prior to October 7, 2016, a certain account of Debbie Maloney with Comenity Capital was sold to Midland Funding LLC and Midland Funding LLC became the sole owner of the debt.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

18

48.     On or about October 7, 2016, MCM mailed a debt collection letter to Plaintiff Maloney regarding an alleged debt, allegedly owed to Midland Funding and originally owed to Comenity. A copy of this letter is attached to this complaint as Exhibit A and a copy of the envelope in which it was received is attached as Exhibit B.

**ANSWER:     Defendants admit that on or about October 7, 2016, a letter was mailed to an individual named Debbie Maloney in regard to a certain account of Debbie Maloney with Comenity Capital, which was sold to Midland Funding LLC. Defendants admit that that poorly photocopied, incomplete, marked-up and redacted representations of parts of the letter may be attached to the complaint as Exhibit A. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

49.     The alleged debt identified in Exhibit A was for a personal credit card account used only for personal, family or household purposes.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

50.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

**ANSWER:     Defendants deny all allegations contained within this paragraph.**

51.     Upon information and belief, Exhibit A is a form debt collection letter used by Midland to attempt to collect alleged debts.

19

**ANSWER:** **Defendants deny all allegations contained within this paragraph.**

52.     Upon information and belief, Exhibit B is a form debt collection envelope used by Midland to attempt to collect alleged debts.

**ANSWER:** **Defendants deny all allegations contained within this paragraph.**

53.     Exhibit A contains bold, all-capitalized text at the top of the letter:

## NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW

**ANSWER:** **Defendants admit that all-capitalized text stating NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW is contained in Exhibit A. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

54.     Exhibit A also contains the following:

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the validation period described on the back of this letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 11-21-2016, we may proceed with forwarding this account to an attorney.

**ANSWER:** **Defendants admit that Exhibit A contains the cited text. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained within this paragraph.**

55.     Exhibit A also contains the following:

20

300750469v1 1002819

> **BENEFITS OF PAYING**
> ➢ This may be your last
> chance to work with us
> before the account goes to
> an attorney.

     **ANSWER:   Defendants admit that Exhibit A contains the cited text. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained within this paragraph.**

56.    <u>Exhibit A</u> also contains the following:

**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. **We encourage you to call us: (800) 939-2353.**

     **ANSWER:   Defendants admit that Exhibit A contains the cited text. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained within this paragraph.**

57.    The above language is false, misleading and confusing to the unsophisticated consumer.

     **ANSWER:   Defendants deny all allegations contained within this paragraph.**

58.    At the time Exhibit A was sent to Plaintiff Maloney, Midland did not intend to sue Plaintiff Maloney, even if no payments were made on the account by 11-21-2016.

     **ANSWER:   Defendants deny all allegations contained within this paragraph.**

300750469v1 1002819

59.     Despite the clear language threatening to send the account to "an attorney in your state . . . if we don't hear from you or receive payment by 11-21-2016," Midland did not file a lawsuit against Plaintiff Maloney.

**ANSWER:     Defendants admit Midland has not yet filed a lawsuit against Plaintiff Maloney.   Defendants deny all remaining allegations contained within this paragraph.**

60.     A search of CCAP on September 29, 2017 shows no civil actions filed by Midland against Plaintiff Maloney in Wisconsin.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

61.     An unsophisticated consumer would understand that Exhibit A threatens a lawsuit, and/or implies that legal action will be taken unless payment or a phone call is made by 11-21-2016.

**ANSWER:     Defendants deny all allegations contained within this paragraph.**

62.     Debt collection letters that falsely "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made," violate the FDCPA. 15 U.S.C. § 1692e(5);  *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 24-26 (2d Cir. 1989).

**ANSWER:     Defendants admit that the complaint purports to cite to cases, and alleges an incomplete, out-of-context and improperly summarized legal**

22

**conclusion. Defendants deny all remaining allegations contained within this paragraph.**

63.     Even indirect or oblique threats give rise to liability, provided they indicate that "legal action is underway or contemplated in the near future." *Jenkins*, 999 F. Supp. At 1136.

**ANSWER:     Defendants admit that the complaint purports to cite to a case, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

64.     The unsophisticated consumer would interpret the "pre-legal status" and the statement that "if we don't hear from you or receive payment by 11-21-2016, we may proceed with forwarding this account to an attorney" as a threat that the account is on a litigation track.

**ANSWER:     Defendants deny all allegations contained within this paragraph.**

65.     The threat of litigation in Midland's letter is false and misleading and exists only to unfairly scare consumers.

**ANSWER:     Defendants deny all allegations contained within this paragraph.**

66.     In fact, Plaintiff's account was not forwarded to an attorney network.

**ANSWER:     Defendants deny all allegations contained within this paragraph.**

67.     Additionally, Exhibit B included extraneous text.

23

**ANSWER: Defendants deny all allegations contained within this paragraph.**

68. The exterior face of Exhibit B, containing Plaintiff's mailing address, also states in the upper right hand corner, "U.S. POSTAGE PAID MCM."

**ANSWER: Defendants admit that Exhibit B contains the cited text. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained within this paragraph.**

### *Vaga Letter*

69. Plaintiff Amy Vega entered into a consumer transaction with Synchrony Bank ("Synchrony") for a personal credit card.

**ANSWER: Defendants admit an Amy Vega entered into an agreement with Synchrony. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

70. Prior to October 12, 2016, Plaintiff Vega's account with Synchrony went into default.

**ANSWER: Defendants admit Amy Vega breached the terms of her agreement with Synchrony. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

71. Prior to October 12, 2016, and after Plaintiff Vega's account with Synchrony was in default, Synchrony sold or otherwise assigned the ownership rights to Plaintiff Vega's account to Midland Funding.

24

**ANSWER:** Defendants admit that prior to October 12, 2016, a certain account of Amy Vega with Synchrony Bank was sold to Midland Funding LLC and Midland Funding LLC became the sole owner of the debt. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

72. On or about October 12, 2016, MCM mailed a debt collection letter to Plaintiff Vega regarding an alleged debt, allegedly owed to Midland Funding and originally owed to Synchrony. A copy of this letter is attached to this complaint as Exhibit C and a copy of the envelope in which it was received is attached as Exhibit D.

**ANSWER:** Defendants admit that on or about October 12, 2016, a letter was mailed to an individual named Amy Vega in regard to a certain account of Amy Vega with Synchrony Bank, which was sold to Midland Funding LLC. Defendants admit that that poorly photocopied, incomplete, marked-up and redacted representations of parts of the letter may be attached to the complaint as Exhibit C. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

73. The alleged debt identified in Exhibit C was for a personal credit card account used only for personal, family or household purposes.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

74. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiffs inserted by computer.

25

**ANSWER: Defendants deny all allegations contained within this paragraph.**

75. Upon information and belief, Exhibit C is a form debt collection letter used by Midland to attempt to collect alleged debts.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

76. Upon information and belief, Exhibit D is a form debt collection envelope used by Midland to attempt to collect alleged debts.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

77. Exhibit D included extraneous text.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

78. The exterior face of Exhibit D containing Plaintiffs' mailing address also states "Time Sensitive Document" and, in the upper right hand corner, "U.S. POSTAGE PAID MCM." Plaintiff Czarnecki entered into a consumer transaction with Comenity Bank ("Comenity") for a personal credit card.

**ANSWER: Defendants admit that Exhibit D contains the cited text. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained within this paragraph.**

300750469v1 1002819

## *Czarnecki Letter*

79.     Prior to January 20, 2017, Plaintiff Czarnecki's account with Comenity went into default.

**ANSWER:     Defendants admit Sally A Czarnecki breached the terms of her agreement with Comenity.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

80.     Prior to January 20, 2017, and after Plaintiff Czarnecki's account with Comenity was in default, Comenity sold or otherwise assigned the ownership rights to Plaintiff's account to Midland Funding.

**ANSWER:     Defendants admit that prior to January 20, 2017, a certain account of Sally A Czarnecki with Comenity Bank was sold to Midland Funding LLC and Midland Funding LLC became the sole owner of the debt.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

81.     On or about January 20, 2017, MCM mailed a debt collection letter to Plaintiff Czarnecki regarding an alleged debt, allegedly owed to Midland Funding and originally owed to Comenity. A copy of this letter is attached to this complaint as Exhibit E and a copy of the envelope in which it was received is attached as Exhibit F.

**ANSWER:     Defendants admit that on or about January 20, 2017, a letter was mailed to an individual named Sally A Czarnecki in regard to a certain account of Sally A Czarnecki with Comenity Bank, which was sold to Midland Funding**

300750469v1 1002819

**LLC. Defendants admit that that poorly photocopied, incomplete, marked-up and redacted representations of parts of the letter may be attached to the complaint as Exhibit E. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

82.     The alleged debt identified in Exhibit E was for a personal credit card account used only for personal, family or household purposes.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

83.     Upon information and belief, Exhibit E is a form letter, generated by computer, and with the information specific to Plaintiffs inserted by computer.

**ANSWER:    Defendants deny all allegations contained within this paragraph.**

84.     Upon information and belief, Exhibit E is a form debt collection letter used by Midland to attempt to collect alleged debts.

**ANSWER:    Defendants deny all allegations contained within this paragraph.**

85.     Upon information and belief, Exhibit F is a form debt collection envelope used by Midland to attempt to collect alleged debts.

**ANSWER:    Defendants deny all allegations contained within this paragraph.**

86.     Exhibit F included extraneous text.

300750469v1 1002819

**ANSWER: Defendants deny all allegations contained within this paragraph.**

87.     The exterior face of Exhibit F containing Plaintiffs' mailing address also states "Time Sensitive Document" and, in the upper right hand corner, "U.S. POSTAGE PAID MCM."

**ANSWER: Defendants admit that Exhibit F contains the cited text. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained within this paragraph.**

88.     The Fair Debt Collection Practices Act prohibits unfair debt collection practices. 15 U.S.C. § 1692f.

**ANSWER:   Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.   Defendants deny all remaining allegations contained within this paragraph.**

89.     This prohibition includes 15 U.S.C. § 1692f(8): "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

**ANSWER:   Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.   Defendants deny all remaining allegations contained within this paragraph.**

29

90.     The language on Exhibit B, Exhibit D, and Exhibit F violates the plain language of 15 U.S.C. § 1692f(8). The statute contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

**ANSWER: Defendants deny all allegations contained within this paragraph.**

91.     Moreover, the extraneous text in Exhibit D and Exhibit F indicates that the letters are, in fact, debt collection letters. See *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-04 (3d Cir. 2014) (disclosure through window envelope "implicates a core concern animating the FDCPA—the invasion of privacy."); *Peter v. GC Services L.P.*, 310 F.3d 344, 351 (5th Cir. 2002).

**ANSWER:   Defendants admit that the complaint purports to cite to cases, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.   Defendants deny all remaining allegations contained within this paragraph.**

92.     In Peter, for example, the Fifth Circuit held that text on the envelope impersonating the U.S. Department of Education1 "implicates this core concern of the FDCPA [impersonating public officials]." *Peter*, 310 F.3d at 351-52.

**ANSWER:   Defendants admit that the complaint purports to cite to a case, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.   Defendants deny all remaining allegations contained within this paragraph.**

30

93.    Likewise, in Douglass, the Third Circuit held that a collection letter displaying the consumer's account number and a QR code2  that linked to the consumer's alleged debt, through a "glassine" window envelope, violated § 1692f(8). *Douglass*, 765 F.3d at 303 ("Convergent's disclosure implicates a core concern animating the FDCPA—the invasion of privacy.")

**ANSWER:    Defendants admit that the complaint purports to cite to a case, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.    Defendants deny all remaining allegations contained within this paragraph.**

94.    As in *Douglass* and *Peter*, the language on Exhibit B, Exhibit D, and Exhibit F implicates a core concern animating the FDCPA – privacy.

**ANSWER:    Defendants deny all allegations contained within this paragraph.**

95.    Several sections of the FDCPA prohibit debt collectors from publicly disclosing that the consumer allegedly owes a debt, or that the debt collector is collecting a debt.

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.    Defendants deny all remaining allegations contained within this paragraph.**

96.    For example, 15 U.S.C. § 1692f(7) prohibits: "Communicating with a consumer regarding a debt by post card." The content of a post card is visible to anyone who views it.

**ANSWER:    Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized**

31

**legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

97. Likewise, 15 U.S.C. § 1692c(b) prohibits most communications with third parties:

> (b) **Communication with third parties**
>
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

98. 15 U.S.C. § 1692b allows but strictly regulates communications with third parties for the purpose of obtaining the consumer's location information, including explicit prohibitions against stating "that such consumer owes any debt," and using "any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt." 15 U.S.C. §§ 1692b(2), 1692b(5).

**ANSWER: Defendants admit that the complaint purports to cite to the FDCPA, and alleges an incomplete, out-of-context and improperly summarized**

32

**legal conclusion. Defendants deny all remaining allegations contained within this paragraph.**

99.     Privacy of the consumer's personal information, including the existence and amount of a debt, is clearly "a core concern animating the FDCPA." *Douglass*, 765 F.3d at 303-04.

**ANSWER:     Defendants admit that the complaint purports to cite to a case, and alleges an incomplete, out-of-context and improperly summarized legal conclusion.     Defendants deny all remaining allegations contained within this paragraph.**

100.     The statement:  "U.S. POSTAGE PAID MCM" discloses to anyone viewing Exhibit B and Exhibit D who the letter is from and that the letter's purpose is debt collection. Exhibit D and Exhibit F additionally state: "Time Sensitive Document" making it even clearer that the letter's purpose is debt collection.

**ANSWER:     Defendants deny all allegations contained within this paragraph.**

101.     The unsophisticated consumer, viewing Exhibit B, Exhibit D, and Exhibit F would conclude that Exhibit B and Exhibit D is a debt collection letter.

**ANSWER:     Defendants deny all allegations contained within this paragraph.**

102.     The sole purpose of the above statement is to make clear that Exhibit B, Exhibit D, and Exhibit F are debt collection letters/envelopes.

33

**ANSWER: Defendants deny all allegations contained within this paragraph.**

103.    Further, it is simple for a debt collector to comply with 15 U.S.C. § 1692f(8) – do not print extraneous information on the envelopes or allow it to show through the glassine windows of envelopes.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

104.    Plaintiffs were confused by Exhibit A, Exhibit B, Exhibit D, and Exhibit F.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

105.    The unsophisticated consumer would be confused by Exhibit A, Exhibit B, Exhibit D, and Exhibit F.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

106.    Plaintiffs had to spend time and money investigating Exhibit A, Exhibit B, Exhibit D, and Exhibit F.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

107.    Plaintiffs had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiffs on the consequences of Exhibit A , Exhibit B, Exhibit D, and Exhibit F.

300750469v1 1002819

**ANSWER: Defendants deny all allegations contained within this paragraph.**

## COUNT I – FDCPA

108.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:    Defendants incorporate by reference, their answers and denials contained in the preceding paragraphs, respectively, as if fully set forth herein.**

109.    Count I is brought on behalf of Plaintiffs Maloney, Vega, and Czarnecki.

**ANSWER:    Defendants admit that plaintiffs' complaint purports to allege Count I on behalf of Plaintiffs Maloney, Vega, and Czarnecki. Defendants deny all remaining allegations contained within this paragraph.**

110.    Exhibit B, Exhibit D, and Exhibit F contain extraneous text, which states: "U.S.POSTAGE PAID MCM." Exhibit D and Exhibit F additionally state, "Time Sensitive Document." Exhibit B, Exhibit D, and Exhibit F disclose the existence of a debt and that it is from a debt collector.

**ANSWER:    Defendants deny all allegations contained within this paragraph.**

111.    The unsophisticated consumer viewing Exhibit B, Exhibit D, and Exhibit F would determine that Exhibit B, Exhibit D, and Exhibit F were mailed by a debt collector.

**ANSWER:    Defendants deny all allegations contained within this paragraph.**

35

112.    Defendants violated 15 U.S.C. §§ 1692f and 1692f(8).

**ANSWER:   Defendants deny all allegations contained within this paragraph.**

## COUNT II – FDCPA

113.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:    Defendants incorporate by reference, their answers and denials contained in the preceding paragraphs, respectively, as if fully set forth herein.**

114.    Count II is brought on behalf of Plaintiff Maloney.

**ANSWER:    Defendants admit that plaintiffs' complaint purports to allege Count II on behalf of Plaintiff Maloney.  Defendants deny all remaining allegations contained within this paragraph.**

115.    Exhibit A falsely threatens to send Maloney's account to an attorney and/or threaten a lawsuit against Plaintiff if Plaintiff does not pay or call Midland by a specified date.

**ANSWER:   Defendants deny all allegations contained within this paragraph.**

116.    At the time Exhibit A and Exhibit B were sent, Midland did not intend to file a lawsuit against Maloney even if Maloney did not pay or call by such date.

**ANSWER:   Defendants deny all allegations contained within this paragraph.**

117.    117.    Defendants' conduct violates 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

36

**ANSWER: Defendants deny all allegations contained within this paragraph.**

## COUNT III – WCA

118. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER: Defendants incorporate by reference, their answers and denials contained in the preceding paragraphs, respectively, as if fully set forth herein.**

119. Count III is brought on behalf of Plaintiff Maloney.

**ANSWER: Defendants admit that plaintiffs' complaint purports to allege Count III on behalf of Plaintiff Maloney. Defendants deny all remaining allegations contained within this paragraph.**

120. Exhibit A threatens and implies legal action notwithstanding the fact that Midland did not intend to forward the letter to an attorney network even if Maloney did not pay or call by the date specified in the letters.

**ANSWER: Defendants deny all allegations contained within this paragraph.**

121. Such conduct violates Wis. Stat. §§ 427.104(1)(L) and 427.104(1)(h).

**ANSWER: Defendants deny all allegations contained within this paragraph.**

## CLASS ALLEGATIONS

122. Plaintiffs bring this action on behalf of two Classes.

37

**ANSWER: Defendants deny all remaining allegations contained within this paragraph.**

123. Class One consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by <u>Exhibit B</u>, <u>Exhibit D</u>, and <u>Exhibit F</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between September 29, 2016 and September 29, 2017, inclusive (e) that was not returned by the postal service. Class One shall be known as the "Extraneous Text" class and Plaintiffs Maloney, Vega, and Czarnecki are the designated representatives.

**ANSWER: Defendants deny all remaining allegations contained within this paragraph.**

124. Class Two consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between September 29, 2016 and September 29, 2017, inclusive (e) that was not returned by the postal service. Class Two shall be known as the "Threat of Lawsuit" class and Plaintiff Maloney is the designated representative.

**ANSWER: Defendants deny all remaining allegations contained within this paragraph.**

125. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

**ANSWER: Defendants deny all remaining allegations contained within this paragraph.**

38

126.    There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A, Exhibit B, Exhibit D, or Exhibit F violates the FDCPA.

   **ANSWER:    Defendants deny all remaining allegations contained within this paragraph.**

127.    Plaintiffs' claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

   **ANSWER:    Defendants deny all remaining allegations contained within this paragraph.**

128.    Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

   **ANSWER:    Defendants deny all remaining allegations contained within this paragraph.**

129.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

   **ANSWER:    Defendants deny all remaining allegations contained within this paragraph.**

## DEFENSES

Defendants MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC, by and through their attorney, Todd P. Stelter, for their defenses, state as follows:

## FIRST DEFENSE

300750469v1 1002819

Plaintiffs fail to state a claim and/or cause of action upon which relief may be granted and plaintiffs' claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

## SECOND DEFENSE

Any violation of the FDCPA or WCA, which defendants deny occurred, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD DEFENSE

Upon information and belief, plaintiffs and/or members of the putative class may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## FOURTH DEFENSE

Plaintiffs' claims and/or claims of members of the putative class are barred or diminished due to failure to mitigate damages.

## FIFTH DEFENSE

Plaintiffs and/or members of the putative class lack Article III standing with regard to the claims to the extent they are unable to demonstrate they incurred any actual injury. *Spokeo, Inc. v. Robins*, No. 13-1339 (S.Ct. 2016).

## SIXTH DEFENSE

Plaintiffs and/or members of the putative class lack standing to bring their purported claims.

## SEVENTH DEFENSE

300750469v1 1002819

Plaintiffs and/or members of the putative class are barred by judicial estoppel from bringing their purported claims.

## EIGHTH DEFENSE

The claims of plaintiffs and/or the members of the putative class are barred or diminished by the voluntary payment doctrine.

## NINTH DEFENSE

Defendants plead the affirmative defense(s) of setoff and recoupment against plaintiffs and/or members of the putative class. Plaintiffs and/or members of the putative class owe amounts due to Midland Funding LLC and any recovery must be offset by the amount of the amounts owed.

## TENTH DEFENSE

Litigation privilege affords defendants absolute immunity from claims arising out of the method and manner in which its counsel draft, construct and/or file state court pleadings, attachments, notices and filings.

## ELEVENTH DEFENSE

Defendants state that plaintiffs' claims and/or claims of members of the putative class may eventually be barred by the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## TWELFTH DEFENSE

Defendants state that under the Noerr-Pennington doctrine, they are immune from suit under the FDCPA for pursuing state court litigation against plaintiffs and/or members of the putative class. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S.

41

127 (1961) and *United Mine Workers v. Pennington,* 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972).

## THIRTEENTH DEFENSE

Defendants state that plaintiffs' claims and/or claims of members of the putative class in this case may eventually be barred in part, or in whole, by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

## FOURTEENTH DEFENSE

Defendants state that plaintiffs' claims and/or claims of members of the putative class in this case may eventually be barred in part, or in whole, by the doctrines of res judicata and/or collateral estoppel.

## FIFTEENTH DEFENSE

Plaintiffs and/or members of the putative class waived their claims by failing to object in the state trial court, either in form or substance.

## SIXTEENTH DEFENSE

Defendants and their employees are immune from liability to participation in state court litigation by the witness immunity doctrine.

## SEVENTEENTH DEFENSE

Defendants have retained attorney(s) to represent their interests and are obligated to pay said attorney's fees related to the same. Defendants are entitled to the award of attorney's fees pursuant to 15 U.S.C. § 1692k.

## EIGHTEENTH DEFENSE

300750469v1 1002819

Defendants reserve the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** defendants pray for an order and judgment of this Court in its favor against plaintiffs and/or members of the putative class as follows:

1. Dismissing all causes of action against defendants with prejudice and on the merits;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927 and 15 U.S.C. § 1692k, and the WCA, in favor of defendants; and

3. Awarding defendants such other and further relief as the Court deems just and equitable.

Dated November 22, 2017.

*/s/ Todd P. Stelter*

Todd P. Stelter – 6278521 Illinois
Attorney for Defendants
**HINSHAW & CULBERTSON LLP**
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Phone No. 312-704-3000
Fax No. 312-704-3001
E-mail Address(es):
tstelter@hinshawlaw.com

300750469v1 1002819

## CERTIFICATE OF SERVICE

I, Todd P. Stelter, an attorney, certify that I shall cause to be served a copy of **ANSWER and DEFENSES** upon all parties of record, by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **November 22, 2017.**

☒ CM/ECF
☐ Facsimile
☐ Federal Express
☐ Mail
☐ Messenger

To: John D. Blythin, Esq.
ADEMI & O'REILLY LLP
3620 East Layton Avenue
Cudahy, WI 53110
Telephone: (414) 482-8000
Facsimile: (414) 482-8001
E-Mail: jblythin@ademilaw.com


/s/ *Todd P. Stelter*
Todd P. Stelter

300750469v1 1002819